```
                                          CLERK'S OFFICE U.S. DIST. COURT
                                               AT ROANOKE, VA
                                                    FILED
                                                 MAY 2 6 2005
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF VIRGINIA  JOHN F. CORCORAN, CLERK
                       ROANOKE DIVISION          BY:
                                                     DEPUTY CLERK
```

| | |
|---|---|
| **JOSEPH BOWLER,** | ) |
| Plaintiff, | ) Civil Action No. 7:05-cv-00321 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| **C/O BLANKENSHIP, et al.,** | ) By: Hon. James C. Turk |
| Defendants. | ) Senior United States District Judge |
| | ) |

Plaintiff Joseph Bowler, a Virginia inmate acting pro se, submits this civil rights complaint, pursuant to 42 U.S.C. §1983.[1] Bowler also applies to proceed in forma pauperis and submits a declaration of assets. In this complaint, Bowler asserts that the defendant officers at Red Onion State Prison assaulted him in the past, deprived him of food and medical care, destroyed his personal property during a cell shakedown, and verbally threatened him. He alleges that officers continue to harass him verbally. Upon review of the record, the court concludes that Bowler's complaint must be filed for administrative purposes only and immediately dismissed without prejudice, pursuant to 28 U.S.C. §1915(g).

As stated, Bowler has not prepaid the $250.00 filing fee required in civil actions and, instead, seeks to proceed in forma pauperis. Court records indicate that Bowler has filed at least three prior civil actions, in forma pauperis, that were dismissed as malicious, frivolous, or for failure to state a claim: Bowler v. Braxton, 7:03-cv-00652 (W.D. Va. December 3, 2003)(dismissed under §1915A, failure to state a claim); Bowler v. Young, 7:03-cv-00231

---

[1] Bowler presents his allegations on a Notice of Claim form set up to assist litigants in filing claims under the Virginia Tort Claims Act (VTCA). Because Bowler is not entitled to proceed in forma pauperis in this civil action under §1915(g), the court will dismiss all of his attempted claims, whether he is intending to bring them under §1983 or the VTCA or both.

1

(W.D. Va. April 7, 2003)(dismissed without prejudice under 28 U.S.C. §1915A(b)(1) for failure to state a claim); Bowler v. Young, 7:03-cv-00148 (W.D. Va. March 6, 2003) (dismissed without prejudice under 28 U.S.C. §1915A(b)(1) for failure to state a claim). Therefore, under 28 U.S.C. §1915(g), he is barred from filing a civil action in forma pauperis in this court unless he demonstrates that he is in imminent danger of physical harm related to his claims.

A prisoner may invoke the imminent danger exception to the §1915(g) "three strikes" provision only to seek relief from a danger which is imminent at the time the complaint is filed. Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998). In order to qualify for the imminent danger exception, the prisoner must at least raise a credible allegation that he is in imminent danger of serious physical harm. White v. State of Colorado, 157 F.3d 1232 (10th Cir. 1998) (citing Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), overruled on other grounds). Allegations that the inmate has faced imminent danger in the past are insufficient to trigger the §1915(g) exception. See Abdul-Akbar, 239 F.3d 307 (being sprayed once with pepper spray not imminent danger); Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir. 1996) (being given Ibuprofen instead of something stronger for injury, now healed, is not imminent danger).

Bowler's allegations in his current complaint do not raise a credible allegation that he is in imminent danger of suffering physical harm. The majority of his complaints concern past events and Bowler does not allege facts indicating any likelihood that similar events will happen to him in the future. Moreover, he fails to allege facts indicating that deprivation of property, food or medical care in the past caused him any physical harm at the time of the event and certainly does not allege imminent physical harm threatens him now as a result of these past

2

deprivations. Thus, Bowler fails to allege facts sufficient to satisfy the "imminent danger" requirement for in forma pauperis under §1915(g). Therefore, the court will deny Bowler's request to proceed in forma pauperis under §1915(g). As Bowler is well aware of his three strikes and the requirement that he prepay the fee or otherwise satisfy §1915(g), the court will file and dismiss this action without prejudice. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 25th day of May, 2005.

                                          /s/ James C. Turk
                                          Senior United States District Judge